IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROGER C. STEVENSON, M.D., and LIMESTONE MEDICAL AID UNIT LLC, a Delaware Limited Liability Corporation, | § § § § § | No. 84, 2020 |
| Defendants Below, Appellants, | § § § § | |
| v. | § § | Court Below – Superior Court of the State of Delaware |
| STATE OF DELAWARE, JOANNE C. KLOSIEWICZ, Individually and as Personal Representative of THE ESTATE OF THOMAS J. KLOSIEWICZ, SR., THOMAS J. KLOSIEWICZ, JR., AMY WHARRY, and DENISE FAY, | § § § § § § § § § § | C.A. No. N17C-02-191 |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: March 18, 2020
Decided: April 1, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES,** Justices.

## <u>ORDER</u>

Upon careful consideration of the supplementary notice of appeal from an interlocutory order, it appears to the Court that:

(1) The defendants below-appellants, Roger C. Stevenson, M.D. and Limestone Medical Aid Unit LLC (collectively, "the Defendants") have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from the

February 12, 2020 Superior Court decision that granted the motion for a new trial filed by plaintiffs below-appellees Joanne C. Klosiewicz, Individually and as Personal Representative of the Estate of Thomas J. Klosiewicz, Sr., Thomas J. Klosiewicz, Jr., Amy Wharry, and Denise Fay (collectively, "the Plaintiffs").

(2) This medical malpractice case arose out of the death of Mr. Klosiewicz, who died of sepsis one day after Defendant Dr. Stevenson diagnosed him as suffering from the flu. The case proceeded to a jury trial in July 2019. The parties stipulated that Mr. Klosiewicz did not have a spleen and that no one, including Mr. Klosiewicz, knew that he did not have a spleen. The purpose of the stipulation was two-fold: (i) to ensure that the jury would not find Dr. Stevenson liable for not knowing that his patient did not have a spleen and (ii) to permit the jury to consider the fact that Mr. Klosiewicz did not have a spleen when it considered the issue of causation.

(3) The Defendants, who had initially designated Dr. Stevenson as a standard-of-care expert,[1] stated in their pretrial disclosures made under Superior Court Civil Rule 26 that Dr. Stevenson's trial testimony would be limited to the testimony he offered at deposition. Plaintiffs called Dr. Stevenson in their case-in-chief. On cross-examination by the Defendants, Dr. Stevenson testified that, had he known Mr. Klosiewicz did not have a spleen, he would have sent Mr.

---

[1] The Defendants later changed their minds and designated Dr. Stevenson as a fact witness to limit the Plaintiffs' ability to challenge Dr. Stevenson's credentials as an expert.

Klosiewicz to the emergency room as opposed to sending him home with a prescription for flu medicine. Plaintiffs moved to strike this testimony as irrelevant and speculative and requested a curative instruction. Plaintiffs argued that this line of questioning permitted Dr. Stevenson to use the stipulation to speculate that he would have provided different medical treatment to Mr. Klosiewicz if he had known Mr. Klosiewicz did not have a spleen. The Defendants opposed the request for a curative instruction and argued that Dr. Stevenson's opinion was relevant and a previously-disclosed expert opinion. The Superior Court accepted the Defendants' representation, overruled the motion to strike, and did not give a curative instruction. Because the jury concluded that Dr. Stevenson had met the requisite standard of care, it never reached the issue of whether Dr. Stevenson's treatment was the proximate cause of Mr. Klosiewicz's death.

(4) Plaintiffs then timely filed a motion for a new trial, arguing that the Defendants had elicited undisclosed inadmissible expert testimony from Dr. Stevenson. Although the Defendants had represented that Dr. Stevenson's opinion as to the significance of the spleen had been disclosed at his deposition, the Superior Court found it had not been. Accordingly, the Superior Court concluded that, regardless of which party called Dr. Stevenson as a witness, he gave an undisclosed and inadmissible expert opinion. The Superior Court found that a new trial was warranted where the evidence weighed heavily against the jury verdict on

3

the issue of standard of care, and the jury verdict was tainted by the court's legal error in admitting Dr. Stevenson's undisclosed expert opinion on that issue.

(5) On February 24, 2020, the Defendants asked the Superior Court to certify an interlocutory appeal from the court's order granting Plaintiffs' motion for a new trial. The Defendants maintained that the court's order decided a substantial issue of material importance.[2] The Defendants also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review: the order vacated a jury verdict;[3] interlocutory review could terminate the litigation;[4] and interlocutory review would serve the considerations of justice.[5] The Plaintiffs opposed the application.

(6) On March 11, 2020, the Superior Court denied the Defendants' application for certification of an interlocutory appeal.[6] The Superior Court disagreed with the Defendants and found that its ruling did not decide a substantial issue of material importance—a threshold consideration under Rule 42(b)(i). Furthermore, in balancing the Rule 42(b)(iii) factors, the Superior Court concluded that five of the eight factors objectively weighed against certification of an interlocutory appeal. The Superior Court found that two of the factors cited by the

---

[2] Del. Supr. Ct. R. 42(b)(i).
[3] Del. Supr. Ct. R. 42(b)(iii)(E).
[4] Del. Supr. Ct. R. 42(b)(iii)(G).
[5] Del. Supr. Ct. R. 42(b)(iii)(H).
[6] On February 26, 2020, the Superior Court inadvertently granted the application by signing a draft order submitted to the court by the Defendants. The Superior Court vacated that order on March 4, 2020.

4

Defendants—that interlocutory review could terminate the litigation and would serve the considerations of justice—to be of questionable weight. The only factor that the Superior Court found objectively weighed in favor of certification was that its order had set aside a jury verdict. We agree with the Superior Court's conclusion.

(7) Applications for interlocutory review are addressed to the sound discretion of the Court.[7] Giving due weight to the trial court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[7] Del. Supr. Ct. R. 42(d)(v).
[8] Del. Supr. Ct. R. 42(b)(ii).
[9] Del. Supr. Ct. R. 42(b)(iii).